UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DONALD T. TSCHAPPATT,** | ) | CASE NO.1:17CV337 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| **CRESCENT METAL PRODUCTS, INC.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant's Motion in Limine (ECF DKT # 16). For the following reasons, the Court denies Defendant's Motion.

This case arises out of the termination of Plaintiff Donald T. Tschappatt's ("Plaintiff") employment at Defendant Crescent Metal Products, Inc. ("Defendant" or the "Company"). Defendants seek an order *in limine* precluding Plaintiff from seeking reinstatement and backpay.

**Background Facts**

On January 14, 2015, Defendant terminated Plaintiff's employment with the Company. Compl. ¶ 11. Plaintiff alleges that Defendant was motivated by Plaintiff's age in terminating Plaintiff. Compl. ¶ 11. After Plaintiff's termination, Plaintiff placed several

voicemail messages with and sent text messages to the company's owners and senior management which used profane language and insulted Plaintiff's former supervisor, the owner, the plant manager and the human resources manager.

Plaintiff alleges Age Discrimination in violation of the Age Discrimination in Employment Act (the "ADEA"), Title VII of the Civil Rights Act of 1964 and Ohio Revised Code Chapter 4112. Plaintiff seeks damages including reinstatement and backpay. Defendant seeks an order *in limine* precluding Plaintiff from seeking those forms of relief.

**Defendant's Motion**

Defendant argues that the acquired evidence rule applies to this case. Since Plaintiff engaged in conduct that would have resulted in Plaintiff's termination if the employer had discovered that conduct prior to termination, Defendant argues that Plaintiff's damages are limited and Plaintiff should be precluded from seeking reinstatement and backpay.

Defendant contends that the acquired evidence rule applies to post-termination conduct as well as pre-termination conduct. Defendant argues that the Supreme Court used broad language in the holding of *McKennon v. Nashville Banner Publ. Co.*, which indicates the Court's intention to broadly apply the acquired evidence rule. Defendant also points to several cases outside of this Circuit which hold that the acquired evidence rule applies to post-termination misconduct.

**Plaintiff's Response**

Plaintiff argues that the acquired evidence rule does not apply to post-termination conduct and that the limiting language used in the *McKennon* holding supports this view. Furthermore, the cases cited by Defendant are inapplicable to this case because they are

factually distinguishable. Plaintiff urges the Court to consider the Sixth Circuit case *Jones v. Nissan North America, Inc.*, which Plaintiff contends supports Plaintiff's argument that the acquired evidence rule does not apply to conduct which occurred post-termination.

## LAW AND ARGUMENT

**Standard of Review**

"Motions in Limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Insurance Co. v. General Electric Co.*, 326 F.Supp.2d 844, 846 (N.D.Ohio 2004) (citing *Jonasson v. Lutheran Child and Family Serv.*, 115 F.3d 436, 440 (7th Cir. 1997)). A "motion *in limine*, if granted, is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue... the trial court is certainly at liberty '* * * to consider the admissibility of the disputed evidence in its actual context.'" *State v. Grubb*, 28 Ohio St.3d 199, 201-02 (1986) (citing *State v. White*, 6 Ohio App.3d 1, 4 (1982)). "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Luce v. United States*, 469 U.S. 38, 41 (1984). It is noteworthy that denying a motion in limine does not necessarily mean that the evidence, which is the subject of the motion, will be admissible at trial. *Ind. Ins. Co.*, 326 F.Supp.2d at 846.

**Does Plaintiff's alleged post-termination misconduct bar Plaintiff's recovery of reinstatement and backpay under the acquired evidence doctrine?**

In *McKennon*, an employee alleged that she was terminated due to her age in violation of the ADEA. *McKennon v. Nashville Banner Publ. Co.*, 513 U.S. 352, 354 (1995). During subsequent legal proceedings, her employer learned that she had copied and taken home

3

certain sensitive documents prior to her termination. *Id.* at 355. The employer argued that the employee should be limited in recovery for her age discrimination claim since the employer also had a legitimate, legal reason to fire the employee. *Id.* The Supreme Court held that an employee's recovery in a discriminatory termination suit is limited when the employer can "establish that the [employee engaged in] wrongdoing [that] was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *Id.* at 362-63. Generally, in such a case, "neither reinstatement nor front pay is an appropriate remedy," and backpay is generally limited to "the date of the unlawful discharge to the date the new information was discovered." *Id.* at 361-62.

Neither the Supreme Court nor the Sixth Circuit Court of Appeals has directly ruled on the question of whether the acquired evidence rule set forth in *McKennon* applies to employee misconduct that takes place after the employee's termination. Furthermore, circuits that have ruled on this issue have split. *See Sellers v. Mineta*, 358 F.3d 1058, 1064 (8th Cir. 2004) ("an employee's post-termination conduct can, in some circumstances, limit an employee's remedies for wrongful discharge"); *Medlock v. Ortho Biotech, Inc.*, 164 F.3d 545, 555 (10th Cir. 1999), *cert. denied,* 528 U.S. 813 (1999) ("we do not foreclose the possibility that in appropriate circumstances the logic of *McKennon* may permit certain limitations on relief based on post-termination conduct... [but] we cannot conclude that the district court abused its discretion in refusing to adopt defendant's proffered [*McKennon* jury] instruction"). "Other courts have concluded that, because *McKennon* was premised on an employee-employer relationship, any misconduct occurring outside that relationship falls outside of the reach of

4

the rule." *Jones v. Nissan North America, Inc.*, 438 Fed.Appx. 388, 407-08 (6th Cir. 2011) (citing several district court opinions from different jurisdictions).

In *Jones*, the Sixth Circuit Court of Appeals addressed the question of whether an employee's misconduct that occurred after he was placed on medical leave limited the employee's recovery in a suit alleging that his placement on medical leave violated the Americans with Disabilities Act. 438 Fed.Appx. at 390. The court distinguished *Jones* from the other cases listed above since "Jones's wrongful conduct does not fit neatly into the post-termination category" and therefore "the logic of the cases refusing to apply the *McKennon* rule because of a lack of employment relationship do not apply." *Id.* at 407. The *Jones* court held that since "[w]ithout Nissan's wrongful conduct, Jones would not have violated any rule," the trial court erred in giving the jury a *McKennon* instruction limiting damages. *Id.*

As Defendant argues, *Jones* is readily distinguishable from the case at hand. Plaintiff's alleged misconduct occurred after the severance of the employee-employer relationship, whereas Jones' misconduct occurred while Jones was still employed by Nissan. The *Jones* court itself distinguished *Jones* from cases where an employee's misconduct occurred after termination.

The language of the *McKennon* holding suggests that the acquired evidence rule only applies to pre-termination misconduct. The Court stated that an employee's recovery is limited when an employee has engaged in misconduct that would have resulted in termination "if the employer had known of it *at the time of the discharge*" (emphasis added). 513 U.S. at 363. As another court explained, "if said conduct occurred after Defendants informed her of her termination... the after-acquired evidence doctrine appears inapplicable because

5

Defendants could not have terminated Plaintiff for conduct to occur in the future."

*Nesselrotte v. Allegheny Energy, Inc.*, No. 06-01390, 2007 WL 3147038, at *7 (W.D.Pa. October 25, 2007).

Since there is no Supreme Court nor Sixth Circuit precedent holding that the acquired evidence rule applies to limit recovery based on post-termination misconduct, the Court does not preclude Plaintiff from recovering reinstatement and backpay as a matter of law.

Therefore, for the foregoing reasons, the Court denies Defendant's Motion.

IT IS SO ORDERED.

                                              s/ Christopher A. Boyko
                                              CHRISTOPHER A. BOYKO
                                              United States District Judge

Dated: June 12, 2018