UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONALD TSCHAPPATT, | CASE NO. 1:17-cv-337 |
| Plaintiff, | |
| vs. | JUDGE CHRISTOPHER A. BOYKO |
| CRESCENT METAL PRODUCTS, INC. | OPINION AND ORDER |
| Defendant. | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon Defendant, Crescent Metal Products, Inc.'s Motion for Summary Judgment. (ECF DKT #22). For the following reasons, Defendant's Motion for Summary Judgment is GRANTED.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Donald Tschappatt ("Plaintiff") initiated this action against Defendant Crescent Metal Products, Inc. ("Defendant") after Defendant discharged Plaintiff from employment. Plaintiff's cause of action states a claim for alleged age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA") and Ohio law, alleging that Defendant discharged Plaintiff on the basis of his age. Defendant contends that it had valid and justifiable reasons to discharge Plaintiff based on the number of performance issues that Plaintiff had amassed in his tenure as an employee.

Defendant hired Plaintiff in a manufacturing position in 2006. As a manufacturing employee, Plaintiff belonged to UAW Local 70, a labor union, which provided Plaintiff with the terms and conditions of his employment in the Collective Bargaining Agreement between the

1

union and Defendant. In addition to these terms and conditions, Defendant provided an employee handbook, which contains a disciplinary structure that divides conduct into three categories: Type A offenses, Type B offenses and Immediate Discharge offenses. Poor performance generally constitutes a Type A infraction. Defendant defines "poor performance" as "carelessness leading to or resulting in wasted materials, and work that is not up to quality control standards, performance standards, output requirements, or produces unnecessary scrap material." (Def.'s Mtn. at 2).

In late 2013, Plaintiff began to work in a Clean and Pack position on the first shift. At the same time, Plaintiff began exhibiting performance issues at work. Defendant states that Plaintiff also had attendance issues and was given written discipline nineteen times over the course of his employment. Beginning in late 2013 and early 2014, Defendant alleges that Plaintiff's supervisors began to informally counsel him for his performance issues.

In March 2014, Plaintiff was issued a Type A infraction for an unapproved absence from his work area for longer than thirty minutes while on the clock. Plaintiff disputes the reason for this discipline, claiming that he was in the restroom during this time and that the discipline was unwarranted. Following this infraction, in early 2014, Plaintiff exercised his union seniority and voluntarily switched to the second shift Clean and Pack position. The parties disagree as to the level of training required for this position: Plaintiff claims that it required additional training, which Plaintiff was not given, but Defendant claims that the duties were the same for the first and second shifts and did not require further training.

On July 22, 2014, Plaintiff's supervisor on the second shift, Monroe Moore, issued Plaintiff a Type A Rule violation notice for poor work performance. This violation arose when

2

Plaintiff failed to place warning labels on an order of ten units for a customer, packaged the order and shipped the units to the Cleveland production facility, where the units would be prepared for delivery to the customer. To correct this error, Defendant had to send an employee from the Mentor facility to the Cleveland facility to unpack the units, make the correction and repack the units.

Plaintiff was issued another Type A Rule violation in September 2014. This violation occurred when Plaintiff failed to insert "cold keepers"[1] into a unit, packed the unit and set the unit for shipment. Eventually, this error was cured by first shift employees who later discovered the error and packed the unit properly. In compliance with Defendant's discipline policy, Plaintiff was suspended for three days after this occurrence.

After Plaintiff's suspension, Defendant contends that Plaintiff continued to commit violations, such as failing to meet standards, maintaining a low production rate and making an inappropriate comment. Defendant noted these violations in Plaintiff's file. Plaintiff's supervisors also met with him to review Defendant's expectations and to attempt to improve Plaintiff's performance. Despite this informal counsel, Plaintiff's final infraction occurred on January 7, 2015 and he was summarily discharged. Defendant argues that Plaintiff incorrectly assembled posts in a unit that he was working on and Plaintiff's supervisor witnessed this error. However, Plaintiff claims that he was working with another employee who installed the posts incorrectly and that Plaintiff himself was not responsible for this error.

Regardless, following this infraction, Defendant discharged Plaintiff on January 14, 2015, in accordance with Defendant's disciplinary policy. Subsequently, Plaintiff filed a

---

[1] "Cold keepers" are freezable gel packs that are inserted into certain units.

grievance with his union to challenge his discharge, but his union did not pursue it and the matter was dropped. Defendant contends that Plaintiff did not file any grievances with his union regarding any of the prior discipline that Plaintiff amassed. However, Plaintiff argues that he attempted to file grievances, but the union refused; and after multiple requests were denied, he simply stopped doing so.

Ultimately, Plaintiff's position was filled. The parties again disagree about the employee that replaced Plaintiff. Plaintiff's Complaint and Reply to Defendant's Motion for Summary Judgment state that Defendant hired two "substantially younger" individuals to replace Plaintiff. Defendant contends that Bob Hunter, an existing employee, was reassigned to take over as Plaintiff's replacement on second shift. Mr. Hunter was sixty-one years old at the time.

Plaintiff filed a charge of age discrimination with the Ohio Civil Rights Commission on April 29, 2015. On January 14, 2016, the Commission issued a decision, which concluded that "it is PROBABLE that Respondent engaged in unlawful discriminatory practices on the basis of age under Ohio Revised Code Chapter 4112." (Pl.'s Compl. at 3.)

On February 19, 2017, Plaintiff filed the subject lawsuit in this Court, alleging Age Discrimination in violation of the ADEA, Title VII of the Civil Rights Act, and Ohio Revised Code Chapter 4112. Defendant filed its Answer on April 3, 2017. The Court dismissed Count II of Plaintiff's Complaint on April 11, 2017, pursuant to the parties' stipulations of partial dismissal.

Defendant filed its Motion for Summary Judgment on September 17, 2018. Defendant presents two grounds for summary judgment: (1) Plaintiff cannot establish a *prima facie* case of age discrimination, and (2) Plaintiff cannot establish that Defendant's stated reason for his

4

employment separation was a pretext for unlawful age discrimination.

Plaintiff opposes Defendant's Motion for Summary Judgment, arguing that Defendant is not entitled to summary judgment as a matter of law because there is a genuine dispute as to the material facts in this case: notably, Plaintiff alleges that he has provided evidence that demonstrates that Defendant had a bias against older workers in general and that it specifically targeted and discriminated against Plaintiff on the basis of his age. In reply, Defendant reiterates that Plaintiff has failed to meet his evidentiary burden of proof.

## **LAW AND ANALYSIS**

**I.     Standard of Review**

*A.     Motion for Summary Judgment Standard*

A party may move for summary judgment, identifying each claim or defense, on which summary judgment is sought. Fed. R. Civ. P. 56(a). The court may grant summary judgment if the movant shows that there is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law. *Id*. Subsection (c)(1) of Rule 56 provides the standard for summary judgment:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations [...], admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence

of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

Summary judgment is warranted if, after adequate discovery, the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case and upon which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A complete failure of proof regarding an essential element of the nonmoving party's case renders all other facts immaterial. *Id.* at 323. As a result, the moving party is awarded judgment as a matter of law because the nonmoving party has failed to satisfy his burden of proof and make a sufficient showing on an essential element of his case. *Id.* The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Id.* The burden of proof then shifts to the nonmoving party, who must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Substantive law will identify which facts are material for purposes of summary judgment, as only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes that are irrelevant or unnecessary will not be counted. *Id.* at 248. The determination of materiality as it pertains to summary judgment rests upon the substantive law, which identifies which facts are critical and which facts are irrelevant. *Id.*

However, summary judgment will not survive if the dispute about the fact is genuine. *Id*. A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id*. at 250. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Id*. In ruling on a defendant's motion for summary judgment, the judge's inquiry should be whether a reasonably-minded jury could return a verdict in favor of the plaintiff on the evidence presented. *Id*. at 252.

B.     *Age Discrimination in Employment Act Standard*

The ADEA prohibits an employer from discharging an individual because of that individual's age. 29 U.S.C. § 623(a)(1). The plaintiff bringing an action under the ADEA has the burden of proof to establish that the plaintiff's age was the but-for reason of his or her termination. *Blizzard v. Marion Tech. College*, 698 F.3d 275, 283 (6th Cir. 2012), quoting *Gross v. FBL Fin. Servs. Inc.*, 577 U.S. 167, 177 (2009). Plaintiff may prove a violation by either direct or circumstantial evidence. *Blizzard* at 283. Direct evidence of employment discrimination is "that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Alberty v. Columbus Twp.*, 730 F.App'x. 352, 356 (6th Cir. 2018). Comparatively, circumstantial evidence is "proof that does not on its face establish discriminatory animus, but does allow a fact finder to draw a reasonable inference that discrimination occurred." *Id*. at 358, quoting *Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir. 2009).

Where plaintiff is unable to produce direct evidence of age discrimination, the Court

7

must follow the burden-shifting framework articulated by the Supreme Court of the United States in *McDonnell Douglas Corp. v. Green*. Under *McDonnell Douglas*, once the plaintiff succeeds in making a prima facie case of age discrimination, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the termination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the defendant meets its burden, then the burden shifts back to the plaintiff to demonstrate that the defendant's proffered reason is a pretext. *Blizzard*, 698 F.3d at 283, quoting *Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 615 (6th Cir. 2003).

## II. Defendant is entitled to Summary Judgment as a matter of law.

The Court finds that Defendant has met the requirements of Fed. R. Civ. P. 56 and is therefore entitled to judgment as a matter of law for the following reasons.

### A. *Plaintiff can establish a prima facie case of age discrimination*.

Defendant seeks Summary Judgment on the ground that Plaintiff cannot establish a prima facie case of age discrimination. To establish a valid claim for age discrimination under the ADEA, Plaintiff must prove that: (1) he is a member of a protected class; (2) he incurred an adverse action; (3) he was qualified for the position he held; and (4) he was replaced by a person outside the protected class or a similarly-situated, non-protected employee was treated more favorably. *Minadeo v. ICI Paints*, 298 F.3d 751, 764 (6th Cir. 2005). Plaintiff can establish the first two elements of the prima facie case without dispute from Defendant. Therefore, the relevant inquiry is whether Plaintiff can prove elements (3) and (4) of the prima facie case for age discrimination. The Court finds that Plaintiff can prove those elements and establish a prima facie case of age discrimination.

### 1. *Plaintiff was qualified for his employment.*

Defendant alleges that Plaintiff cannot establish that he was qualified for his position. Defendant contends that Plaintiff's consistent performance-based discipline in his Clean and Pack position, which Plaintiff admitted in his deposition, demonstrates that Plaintiff was not qualified for his Clean and Pack position. In response, Plaintiff argues that the evidence he presents demonstrates a dispute concerning the issue of whether he was qualified and the issue should be resolved in his favor. Specifically, Plaintiff indicates that he was the only employee on the second shift Clean and Pack position and that other employees, including Plaintiff's supervisor, Moore, were satisfied with Plaintiff's performance.

The Sixth Circuit has held that a court may not consider the employer's proffered nondiscriminatory reason for taking an adverse employment action when determining whether plaintiff has made a prima facie case of age discrimination. *Wexler v. White's Fine Furniture*, 317 F.3d 564, 575 (6th Cir. 2003). Therefore, the Court will not consider Plaintiff's disciplinary issues as evidence of his lack of qualification for his position because Defendant has stated those issues as its nondiscriminatory reason for discharge.

At the prima facie stage, the Court examines Plaintiff's objective qualifications to determine whether he or she is qualified for the relevant job. *Id*. Plaintiff may present credible evidence that his qualifications are at least equivalent to the minimum objective criteria required for employment in the relevant field. *Id*. at 576. There is no proof on the record of the objective criteria required for the Clean and Pack position. Plaintiff indicates that he received positive performance reviews during his time on the second shift Clean and Pack position. Construing the evidence in Plaintiff's favor, the Court finds that Plaintiff has satisfied his burden of showing

that he was qualified for his position and has met this element of his prima facie case.

> 2. *Plaintiff was replaced by an employee outside of the protected class or a younger similarly-situated employee was treated more favorably.*

Defendant also contends that Plaintiff cannot prove that he was replaced by a person outside of the protected class or that younger employees were treated more favorably than he was. Plaintiff contests this on both grounds. First, Plaintiff claims that other, similarly-situated employees were not punished or terminated for the same offenses as Plaintiff. To establish the "similarly situated" element, Plaintiff must compare his treatment with individuals who "dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it. *Jackson v. FedEx Corporate Servs., Inc.*, 518 F.3d 388, 393 (6th Cir. 2008).

Plaintiff offers affidavits in support of the fourth prong of his prima facie case. Anthony Masitto, Plaintiff's supervisor for one and a half years, avers that Plaintiff "was being written up or disciplined for making mistakes that younger employees made but were not written up or disciplined for." (ECF DKT #28-1). Also, "Mr. Tschappatt was the only employee that I was aware of who had quotas." *Id.* Co-workers, Fred Smith and Benjamin Mesa, aver that no other employees were disciplined like Plaintiff was for "simple" or "minuscule" mistakes. (ECF DKT #28-3 & #28-4). Another co-worker, Mary Anslow, indicates that Plaintiff was targeted for discipline and termination because of his age. (ECF DKT #28-2). Nonetheless, Plaintiff is unable to identify by name, gender, age or job duties any specific younger employee treated more favorably than he was. Plaintiff cannot identify, in his deposition (ECF DKT #24) or in any of the affidavits offered, any employee that amassed the same amount of performance-

related discipline yet retained his job.

Alternatively, Plaintiff may establish element (4) of the prima facie case by producing evidence that Plaintiff was replaced by an individual who was outside of the protected class. Defendant asserts that Plaintiff's prima facie claim fails on this prong because Plaintiff was replaced by reassigning another employee to the position. Defendant states that this individual, Bob Hunter, is both a member of the same protected class as Plaintiff and is older than Plaintiff. Defendant supports this with citations to the Ryan Rogers (plant manager) and Moore affidavits (ECF DKT #22-2 and #22-5), which were submitted with its Motion for Summary Judgment. However, Plaintiff argues that he was replaced by two younger individuals who were both under thirty years of age. This contention is supported by the Anthony Masitto and Benjamin Mesa affidavits (ECF DKT #28-1 and #28-4). Defendant responds that the allegations contained in the affidavits presented by Plaintiff "do not amount to record evidence creating a genuine issue of material fact on this element." Def.'s Reply at 4. Both parties rely, however, on the same type of evidence, that is, affidavits of Defendant's employees.

The Court is prohibited from making a credibility judgment or weighing the evidence in a motion for summary judgment. *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999). At this stage, the evidence must be construed in a light most favorable to the nonmoving party, Plaintiff. *Id.*, citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). The nonmoving party must respond to summary judgment with affirmative evidence upon which a reasonable jury could find in that party's favor. *Ahlers* at 369-70.

Neither party has provided a well-founded answer to the question of whether Plaintiff was replaced by an employee outside of the protected class. Both parties have put forth

affirmative evidence upon which a reasonable jury could find in favor of either party. Regardless, the Court is not permitted to make a credibility judgment or weigh the evidence when ruling on a summary judgment motion. Assuming, *arguendo*, that Plaintiff is correct and he was replaced by two younger employees, the Court finds that Plaintiff has shown that he was replaced by an employee outside of the protected class.

Therefore, viewing the evidence in a light most favorable to Plaintiff, the Court finds that Plaintiff has established a prima facie case of age discrimination.

   B.  *Defendant can state a nondiscriminatory reason for discharging Plaintiff.*

Plaintiff has established a prima facie case of age discrimination. Under *McDonnell Douglas*, the burden of production now shifts to Defendant to articulate a nondiscriminatory reason for its adverse employment action against Plaintiff. *Alberty v. Columbus Twp.*, 730 F.App'x. at 358. An employer is "entitled to judgment as a matter of law if the record conclusively reveals some other, nondiscriminatory reason, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 148 (2000).

Defendant states that Plaintiff's mounting performance issues formed the basis for Plaintiff's termination. Specifically, Defendant points to both Plaintiff's informal discipline and Type A Rule infractions as sufficient to justify terminating Plaintiff. In response, Plaintiff alleges that he was the only employee disciplined for those types of performance violations and that he did not commit the final infraction for which he was terminated. Plaintiff does not deny the other infractions.

Generally, poor work performance is a legitimate and nondiscriminatory reason for discharge. *Heck v. Bd. of Trustees*, 12 F.Supp.2d 728, 740 (S.D. Ohio 1998), *accord Danielson v. Lorain*, 938 F.2d 681, 684 (6th Cir. 1991) (stating that workers who poorly perform their jobs are not insulated from dismissal simply because they are members of the protected age group). The Court finds that Defendant has stated a legitimate, nondiscriminatory reason for Plaintiff's termination: Plaintiff's poor work performance. Accordingly, the burden shifts to Plaintiff to establish that the Defendant's stated reason for termination was merely a pretext.

C. *Plaintiff cannot establish pretext*.

Once Plaintiff has established a prima facie case of age discrimination and Defendant has countered with a legitimate, nondiscriminatory reason for terminating Plaintiff, the burden shifts back to Plaintiff to establish that Defendant's stated reason for discharge is pretextual. *Blizzard*, 698 F.3d at 285. Defendant argues that it is entitled to summary judgment because Plaintiff cannot articulate any facts that conclusively show that Defendant's stated nondiscriminatory reason for terminating Plaintiff's employment was a pretext. Plaintiff contends that he has raised sufficient evidence to demonstrate that Defendant did not have an honest belief that its stated reasons for discharging Plaintiff were nondiscriminatory.

At the pretext stage, the plaintiff must produce sufficient evidence from which a jury could reasonably reject the defendant's stated reasons for termination. *Blizzard*, 698 F.3d at 285. To establish pretext, Plaintiff must show that: "(1) the proffered reasons had no basis in fact, (2) the proffered reasons did not actually motivate discharge, or (3) they were insufficient to motivate discharge." *Id.*, quoting *Chattman v. Toho Tenax Am., Inc.*, 686 F.3d 339, 349 (6th Cir. 2012) (Emphasis removed). Plaintiff argues that Defendant's proffered reason for Plaintiff's

termination has no basis in fact because Plaintiff himself was not responsible for the incorrectly assembled posts, which was the final violation of Defendant's discipline policy and which resulted in Plaintiff's termination.

As a preliminary matter, in order to prove that Defendant's stated reasons for terminating Plaintiff had no basis in fact, Plaintiff is required to present evidence that shows that the reasons given by Defendant for the discharge "simply did not happen." *Alberty*, 730 F.App'x. at 361. Pretext "is a commonsense inquiry: did the employer [take action against] the employee for the stated reasons or not?" *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 at n.4 (6th Cir. 2009).

Plaintiff has admitted to the previous rule violations in his deposition and acknowledges that the posts were incorrectly assembled. In his affidavit (ECF DKT #22-5), Supervisor Monroe Moore outlines the progressive discipline imposed upon Plaintiff: In July, 2014, Plaintiff packaged products without the required "caution surface hot" labels on them. Plaintiff was issued a written reprimand for poor work performance. In September, 2014, Plaintiff failed to include freezable gel packs in certain units. In accordance with the discipline policy, Plaintiff was suspended for three days. In January, 2015, Plaintiff incorrectly assembled posts in units he was working on during his shift. The next disciplinary step called for discharge and Plaintiff was terminated on January 14, 2015.

Therefore, Plaintiff cannot demonstrate that the poor work performance did not happen, although Plaintiff insists that he was not the employee responsible for the incorrectly assembled posts. Supervisor Moore avers: "This infraction occurred on January 7, 2015, and I was able to identify Plaintiff as the cause of the problem because I saw Plaintiff working on the units." (ECF DKT #22-5 at ¶ 21). With regard to the identity of the employee who assembled the posts,

the "modified honest belief" standard applies.

The Sixth Circuit follows a "modified honest belief" standard, which requires that to avoid a finding of pretext, an employer wishing to articulate a nondiscriminatory reason for terminating an employee must be able to establish that it reasonably relied on the particularized facts before it at the time the decision was made. *Blizzard*, 698 F.3d at 286. In turn, the employee must be able to produce contrary evidence that indicates that the employer's error was too obvious to be unintentional. *Id*. Further, the honest belief rule requires that the employee allege more than a dispute over the facts upon which the discharge was based. *Id.* The employee must provide evidence that shows that the employer did not honestly believe in the proffered nondiscriminatory reason for its adverse employment action. *Id*.

So long as an employer honestly believed its proffered reason, an employee cannot show pretext, even if the facts are later shown to be incorrect. *Segel v. Kimberly-Clark Corp*., 473 F.App'x 416, 421 (6th Cir. 2012); *Smith v. Chrysler Corp*., 155 F.3d 799, 806 (6th Cir. 1998). Courts may not second-guess the business judgment of an employer but must instead determine "whether the employer gave an honest explanation of its behavior." *Hedrick v. W. Res. Care Sys.,* 355 F.3d 444, 462 (6th Cir. 2004). "Time and again we have emphasized that [o]ur role is to prevent unlawful hiring practices, not to act as a super personnel department that second guesses employers' business judgments." *Corell v. CSX Transp., Inc*., 378 F.App'x 496, 505 (6th Cir. 2010) quoting *Risch v. Royal Oak Police Dept*., 581 F.3d 383, 399 (6th Cir. 2009).

Plaintiff claims that he was not the employee who incorrectly assembled the posts at issue. However, according to the Moore affidavit (ECF DKT #22-5), Plaintiff's final error was witnessed by his supervisor, who initiated corrective action against Plaintiff. Even if Defendant

were mistaken, Defendant honestly believed that Plaintiff made the error.  Further, this was not the only conduct for which Plaintiff was discharged, but was the final step in Defendant's progressive disciplinary policy.  The "modified honest belief" standard inquires whether the employer made a reasonably informed and considered decision before taking the adverse employment action.  *Smith v. Chrysler Corp.*, 155 F.3d at 807.  By the time Plaintiff was terminated from his employment, Defendant had an honest belief that justified termination because Plaintiff had amassed both formal rule violations as well as many informal disciplinary actions.

Plaintiff claims that he has put forth "abundant" evidence, primarily in the form of affidavits of other employees and Plaintiff's own deposition testimony that shows that Defendant did not honestly believe in its nondiscriminatory reason for terminating Plaintiff.  Plaintiff's evidence constitutes personal belief and conjecture, which are insufficient to establish pretext. *Grizell v. City of Columbus Div. of Police*, 461 F.3d 711, 724 (6th Cir. 2006).  Plaintiff has failed to meet his burden of proving that Defendant's stated reason for firing him was a pretext for impermissible discrimination.  Therefore, Defendant is entitled to summary judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion (ECF DKT #22) of Defendant Crescent Metal Products, Inc. for Summary Judgment.

**IT IS SO ORDERED.**

                                        s/ Christopher A. Boyko
                                        **CHRISTOPHER A. BOYKO**
Dated:  April 10, 2019                   **United States District Judge**